FRANK F. CITRO, GEORGE HARVEY, JOSEPH PALAIA, ALAN D. SUGARMAN AND WILLIAM VAN MIDDLESWORTH, PLAINTIFFS, v. JOHN J. REILLY, DONALD CROSTA, JOHN BEEKMAN, FORREST GILLESPIE, HARRY B. TUMEN, ALL INDIVIDUALLY AND AS COUNCILMEN OF THE TOWNSHIP OF OCEAN, FREDERICK W. MILLER, TREASURER OF THE TOWNSHIP OF OCEAN, AND JACK SWEITZER, TOWNSHIP MANAGER OF THE TOWNSHIP OF OCEAN, DEFENDANTS.

JOHN J. REILLY, DONALD CROSTA, JOHN BEEKMAN, FORREST GILLESPIE, HARRY B. TUMEN, ALL INDIVIDUALLY AND AS COUNCILMEN OF THE TOWNSHIP OF OCEAN, THIRD-PARTY PLAINTIFFS, v. JAMES J. GARRITY, WESTON L. DANGLER, AMOS E. KRAYBILL, HAROLD D. SHANNON, ALFRED M. WOOLLEY, LEE F. MITCHELL AND THE ESTATE OF E. MELVIN GODDARD, DECEASED, ALL INDIVIDUALLY AND AS FORMER COMMITTEEMEN OF THE TOWNSHIP OF OCEAN, THIRD-PARTY DEFENDANTS.

FREDERICK W. MILLER, TREASURER OF THE TOWNSHIP OF OCEAN, JACK SWEITZER, TOWNSHIP MANAGER OF THE TOWNSHIP OF OCEAN, AND THE TOWNSHIP OF OCEAN, IN THE COUNTY OF MONMOUTH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, THIRD-PARTY PLAINTIFFS, v. JAMES J. GARRITY, WESTON L. DANGLER, AMOS E. KRAYBILL, HAROLD D. SHANNON, ALFRED M. WOOLLEY, LEE F. MITCHELL AND THE ESTATE OF E. MELVIN GODDARD, DECEASED, ALL INDIVIDUALLY AND AS FORMER COMMITTEEMEN OF THE TOWNSHIP OF OCEAN, THIRD-PARTY DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided February 5, 1968.

216

*Mr. William R. Blair* argued the cause for plaintiff (*Messrs. Parsons, Canzona, Blair & Warren,* attorneys).

*Mr. John Halleran* argued the cause for defendants and third-party plaintiffs Reilly, Crosta, Beekman, Gillespie and Tumen (*Messrs. Giordano, Giordano & Halleran,* attorneys).

*Mr. David Resnikoff* argued the cause for defendants and third-party plaintiffs Miller, Sweitzer and Township of Ocean.

*Mr. Joseph F. Mattice* argued the cause for third-party defendants Garrity, Dangler, Kraybill, Shannon and estate of E. Melvin Goddard, deceased.

*Mr. Edward F. Juska* argued the cause for third-party defendant, Woolley.

SIMMILL, J. S. C. This suit arises as a part of the political turmoil which has beset the Township of Ocean during the past several years. There is no question that a pattern was evolved whereby the members of the governing body were reimbursed for expenses which they allegedly incurred in connection with their official duties. A system for such reimbursement consisted of submission of a voucher for expenses which did not detail or itemize them but merely

set down an amount which evidently had been agreed upon beforehand, ranging from $50 to $100 a month. These vouchers stated that they were "for reimbursement of various out of pocket expenses, meetings, conferences, etc." for the month named, and slight variations thereof. During the year 1964 defendant Reilly received $100 a month. During 1963 he received $50 a month. The same holds true as to defendants Crosta, Gillespie and Tumen. Defendant Beekman received $100 a month during 1964. It is significant that some of the vouchers were presented and paid in the beginning of the month for which the expenses were allegedly incurred—an obvious impossibility because the councilman could not determine his expenses until the month was over.

Plaintiffs instituted an action in lieu of prerogative writs, first, to compel defendants to reimburse the township for these monies, alleged to have been illegally received; and second, to compel the township treasurer and manager to demand such reimbursement from defendants. Plaintiffs are residents, citizens and taxpayers of the Township of Ocean and brought the suit on their own behalf and on behalf of all other citizens and taxpayers of the township. Defendants then filed a third-party suit to compel their predecessors in office to do likewise. Defendants, in answer to the complaint, allege compliance with all applicable laws and further urge that their predecessors in office established a procedure which they followed as the established procedure. Third-party defendants contend they submitted properly itemized vouchers.

The court finds factually that not one of the vouchers complies with *N. J. S. A.* 40A:5-16. They are clearly violative thereof and were unlawful. *O'Donnell v. Board of Chosen Freeholders of the County of Morris,* 31 *N. J.* 434 (1960), is factually directly on point with the instant case. In that case by resolution the county treasurer had been directed by resolution of the freeholder board to pay to each freeholder "$100 per month payment for travel and incidental expenses." The court held:

"The resolutions here challenged authorized a framework of expenditure of county funds inconsistent with the salutary requirements of the above [i. e., R. S. 40.5–1, predecessor of 40A:5–16] statute, in that they authorized payment for expenses not yet incurred and without the presentation of an itemized voucher and approval certification. For these reasons we hold that the resolutions are invalid and should be set aside. * * *

The statutory provision for itemization and certification was not complied with. Hence, the payments were unlawful." (at p. 443)

## N. J. S. A. 40A:5–16 provides:

"The governing body of any local unit shall not pay out any of its moneys

a. unless the person claiming or receiving the same shall first present a detailed bill of items or demand, specifying particularly how the bill or demand is made up, with the certification of the party claiming payment that it is correct. The governing body may, by resolution, require an affidavit in lieu of the said certification, and the clerk or disbursing officer of the local unit may take such affidavit without cost, and

b. unless it carries a certification of some officer or duly designated employee of the local unit having knowledge of the facts that the goods have been received by, or the services rendered to, the local unit."

There is no question in the court's mind that upon failure of defendants and some of the third-party defendants to comply with the statute above set forth, they are liable in a properly instituted action.

The lapse of time and the intervention of the statute of limitations rescues some of the third-party defendants. Shannon's vouchers were dated in the years 1956, 1957, 1958, 1959 and 1960. Goddard's were for the years 1955, 1956 and 1959. Kraybill's were for the years 1955 through 1960. No vouchers were submitted as to third-party defendant Woolley; hence there is no proof of improper vouchers as to him. The third-party suit as to these third-party defendants is dismissed. Some of the vouchers of third-party defendants Dangler and Garrity fall within the statute of limitations, bearing 1962 dates. As to vouchers which

antedated six years, that part of the suit will be dismissed with prejudice.

The next problem with which the court is confronted is the propriety of the manner in which the suit is brought. *N. J. S.* 2A:15–18 provides as follows:

"If the * * * governing body of a municipality fails to prosecute a claim or demand of the * * * municipality, any court in which an action on such claim or demand is cognizable may, upon terms, allow a taxpayer and resident of the * * * municipality to commence and prosecute an action upon the claim or demand in the name and on behalf of the * * * municipality, if in the opinion of the court the interests of the * * * municipality would be promoted thereby."

*N. J. S.* 2A:49–1 provides as follows:

"If moneys * * * held or owned by any municipality * * * have been or shall be, without right, obtained, received [or] paid * * * action for the recovery thereof * * * may be maintained in any court of competent jurisdiction thereof, by 10 freeholders of such municipality * * * who have paid taxes on real estate in such municipality * * * within 1 year, in the name of and for and on behalf of such municipality * * * [Bond to be furnished.]"

■ *Ippolito v. Mayor of City of Hoboken,* 60 *N. J. Super.* 477 (*App. Div.* 1960), aids the court. That case holds:

"Generally, one who is a resident and a taxpayer of a municipality may undertake the institution and prosecution of suit for the benefit of such municipality for *any* cause of action belonging to it, upon the failure of municipal officials to commence suit, but *only* upon application to and receipt of express statutory consent of the proper court. [*N. J. S.* 2A:15–18]. An exception to this general rule arises where the action concerns the recovery of 'moneys, funds or other property' of the municipality held by or on its behalf, or damages for the wrongful disposition thereof. In this latter event a minimum of ten freeholders who have paid taxes on real estate within one year may maintain such actions without court consent, upon filing a properly approved bond. [*N. J. S.* 2A:49–1] It follows that if one or more taxpayers-residents (not qualifying as 10 freeholders) are desirous of instituting suit for and on behalf of the municipality on a claim or demand of any nature, prior court consent and determination of public interest is required * * *

Plaintiffs seek to overcome the bar of noncompliance with the statutes cited above with the argument that the added counts are actually actions in the nature of prerogative writs, available to any taxpayer beyond the purview of the statutes cited above. We do not agree * * * [B]earing in mind that these are actions for the benefit of Hoboken and that Hoboken is the real party in interest, although not specifically named as a plaintiff, there is an adequate remedy by an action at law. *Certiorari* was not available where there existed another adequate remedy. * * * The relief demanded by plaintiffs for and on behalf of Hoboken * * * is not characteristically of the kind obtainable by prerogative writs prior to 1948 and is therefore not within the purview of a present day action in lieu of prerogative writs." *Id.*, at *pp.* 487–489

The court italicized "any" cause of action and "only" upon application. This court considers this particularly cogent as it applies to the present case. No application to and receipt of express consent of any court was had, so that there was no compliance with *N. J. S.* 2A:15–18. The suit was not instituted by ten freeholders of Ocean Township; hence there was no compliance with *N. J. S.* 2A:49–1. In addition, *Demoura v. City of Newark,* 74 *N. J. Super.* 49 (*App. Div.* 1962), holds:

"*N. J. S.* 2A:49–1 provides that if municipal funds are received, paid or disposed of without right, an action to recover the monies or for damages * * * or both, may be maintained in any court of competent jurisdiction by ten freeholders of the municipality who have paid taxes on real estate in such municipality within one year. The action is to be brought in the name of the municipality, and for and on its behalf." (at *p.* 57)

One more problem remains—that of compelling the township treasurer and manager to demand reimbursement. This demand is one which is strictly in the nature of the ancient writ of *mandamus,* which lies only when the right is clear. The right is not clear. These offices are ministerial officers. Both officers follow the instructions of the governing body and do not participate in policy making. When the governing body authorized payment of the vouchers, the treasurer had no recourse but to comply.

For the foregoing reasons the suits are dismissed. On compliance with either *N. J. S.* 2A:15–18 or *N. J. S.* 2A: 49–1, this court is of the opinion that they may be maintained to the extent above indicated.